# EXHIBIT A

**ZAFRAN LAW GROUP**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
Phone: 215-587-0038
Email: jared@zafranlaw.com

**MAJOR CASE**

Filed and Attested by the Office of Judicial Records 21 NOV 2025 02:45 pm S. GILLIAM

Attorney for Plaintiff

| | |
|---|---|
| GENA POWELL<br>13 William Street, Apt. 205<br>Pittston, PA 18640<br>*Plaintiff*<br>vs.<br><br>WALMART INC.<br>c/o CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>and<br>WAL-MART STORES EAST, LLC<br>c/o CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>and<br>WAL-MART STORES EAST, LP<br>c/o CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>and<br>JOHN DOE(S) 1-3, used herein to designate one or more unknown parties to this incident<br>*Defendant* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION<br><br>November Term, 2025<br><br>No.: __________ |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia County Bar Association
Lawyer Referral and Information Service
1101 Market Street
Philadelphia, PA 19107
(215) 238-6333

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociación De Licenciados De Filadelfia
Servicio de Referencia E Información Legal
1101 Market Street
Philadelphia, PA 19107
(215) 238-6333



Document Ref: AY3XC-OSPN3-CHT23-WYQWA

**ZAFRAN LAW GROUP**
By: Jared S. Zafran, Esquire
Attorney ID No: 208269
1500 Walnut Street, Suite 500
Philadelphia, PA 19102
Phone: 215-587-0038
Email: jared@zafranlaw.com
Attorney for Plaintiff

**MAJOR CASE**

| | | |
|---|---|---|
| GENA POWELL<br>13 William Street, Apt. 205<br>Pittston, PA 18640<br>*Plaintiff*<br>vs.<br><br>WALMART INC.<br>c/o CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>and<br>WAL-MART STORES EAST, LLC<br>c/o CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>and<br>WAL-MART STORES EAST, LP<br>c/o CT Corporation System<br>600 North Second Street, Suite 401<br>Harrisburg, PA 17101<br>and<br>JOHN DOE(S) 1-3, used herein to designate one or more unknown parties to this incident<br>*Defendant* | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br>CIVIL ACTION<br><br>November Term, 2025<br><br>No.: __________ |

CIVIL ACTION COMPLAINT

1. Plaintiff, Gena Powell, is an adult individual currently residing at the above-captioned address.

2. Defendant, Walmart Inc., is a foreign corporation and/or similar corporate entity, which is authorized to do business within the Commonwealth of Pennsylvania, and which may be served at their above-captioned registered agent's address.



Document Ref: AY3XC-OSPN3-CHT23-WYQWA

3. Defendant, Wal-Mart Stores East, LLC, is a foreign limited liability company and/or similar corporate entity, which is authorized to do business within the Commonwealth of Pennsylvania, and which may be served at their above-captioned registered agent's address.

4. Defendant, Wal-Mart Stores East, LP, is a foreign limited partnership and/or similar corporate entity, which is authorized to do business within the Commonwealth of Pennsylvania, and which may be served at their above-captioned registered agent's address.

5. Defendant, John Doe(s) 1-3, are designations used pursuant to Pennsylvania Rule of Civil Procedure to represent the individual and/or entity responsible for the maintenance, care, supervision, inspection, cleaning, and the timely making of repairs of the premises located at 1325 N. Main Street, Taylor, PA 18517, should that individual and/or entity be one other than those already identified in the caption of this Complaint, and whose exact identity remains unknown to Plaintiff, Gena Powell.

6. At all times relevant and material hereto, Defendants regularly and routinely conducted, and continue to conduct, business within the City and County of Philadelphia as required by 231 Pa. Code Rule 2179 for the County of Philadelphia to be a proper venue for this action.

7. At all times relevant and material hereto, Defendants acted by and through their agents, servants, workmen and/or employees, who were at all times relevant hereto acting in the course and scope of their agency, servitude, and/or employment.

8. At all times relevant and material hereto, Defendants were, as the owners, landlords, operators, and/or property managers, solely responsible for the maintenance, care, supervision, inspection, cleaning, and the timely making of repairs of the premises located at 1325

N. Main Street, Taylor, PA 18517, operating as a Walmart, specifically "Walmart Supercenter #4276."

9. At all times relevant and material hereto, the premises of 1325 N. Main Street, Taylor, PA 18517, were in a dangerous, substandard and unsafe condition in that the floor surface within the premises was wet and/or slippery with water and/or an unknown liquid, without any warnings, signs, and/or cones in the vicinity to warn individuals such as Plaintiff, Gena Powell, of the risk posed by this wet floor.

10. On March 09, 2024, Plaintiff, Gena Powell, was a business invitee upon the premises owned, maintained, controlled, supervised, and/or managed by Defendant(s) when, as a result of the joint and/or several negligence of Defendant(s), Plaintiff, Gena Powell, was caused to slip and fall on the aforesaid wet and/or slippery floor, causing her to fall to the ground and to sustain injuries including but not limited to right knee injuries such as tearing of the lateral meniscus requiring injections, as well as other ills and injuries, all to her ongoing detriment and loss, claims for which are made herein.

11. At all times relevant and material hereto, the above-described premises of 1325 N. Main Street, Taylor, PA 18517, which was the responsibility of the Defendant(s) to reasonably maintain for business invitees were in a dangerous, substandard and/or unsafe condition that presented a risk or increased risk of harm to individuals including to Plaintiff, Gena Powell, and had been in said condition sufficiently prior to her injuries on March 09, 2024, for said repairs, warnings and/or notices to have been performed and/or posted, but they were not done at that time.

12. At all times relevant and material hereto, Defendant(s) had a duty to periodically inspect, maintain, remediate, and/or prominently post warnings on the premises at 1325 N. Main Street, Taylor, PA 18517, so that the premises were maintained in reasonably safe condition free



Document Ref: AY3XC-OSPN3-CHT23-WYQWA

of non-obvious and hidden dangerous, unsafe and defective conditions endangering individuals in the position of Plaintiff, Gena Powell.

13. The Defendant(s) had actual and/or constructive notice or knowledge of the condition described above, or in the exercise of ordinary care should have known of or discovered its dangerous condition in sufficient time to have taken appropriate and necessary remedial action before the Plaintiff, Gena Powell, was injured.

14. Notwithstanding their notice and/or knowledge, the Defendants neglected to periodically inspect, adequately maintain, repair, and/or warn individuals on the premises of 1325 N. Main Street, Taylor, PA 18517, or to take adequate, protective measures to reasonably ensure that the premises was safe and free of dangerous conditions not obvious to individuals in the position of Plaintiff, Gena Powell.

15. At all times material hereto, Defendants' joint and/or several negligence and/or carelessness was the proximate, factual cause of Plaintiff, Gena Powell's, serious and permanent injuries, losses and economic and noneconomic damages.

**COUNT I – NEGLIGENCE**
**GENA POWELL vs. WALMART INC.**

16. Plaintiff, Gena Powell, incorporates by reference thereto paragraphs 1 through 15 above, inclusive as though the same were set forth herein at length.

17. The negligence and carelessness of the Defendant, Walmart Inc., in the care, custody or control of the aforementioned premises, consisted of the following:

a. Carelessly and negligently allowed and permitted a dangerous, substandard, and/or hazardous condition to be or remain on said premises as aforesaid for an unreasonably long time;

b. Knew or in the exercise of reasonable care should have known of the existence of the dangerous, substandard, and/or hazardous condition then existing on the Defendant's premises;



Document Ref: AY3XC-OSPN3-CHT23-WYQWA

c. Failed to correct the dangerous, substandard, and/or hazardous condition, which Defendant knew or should have known presented a danger to individuals, including the person of Plaintiff;

d. Failed to warn business invitees including the Plaintiff of the aforesaid dangerous, substandard, and/or hazardous condition then existing on the Defendant's premises, as aforementioned;

e. Failed to properly clean, mop, dry, and/or otherwise remediate and/or address the wet floor which presented a slipping hazard to those in the position of Plaintiff;

f. Failed to place any, or a sufficient number of, warning signs, cones or other prominently displayed markers indicating the wet floor as a slipping hazard;

g. Permitted the existence of a dangerous, substandard, and/or hazardous condition, namely the wet floor which caused Plaintiff to slip and fall;

h. Failed to periodically inspect the premises to discover dangerous, substandard, and/or hazardous conditions prior to Plaintiff's incident;

i. Failed to take reasonable precautions against the dangerous, hazardous and substandard aforementioned condition on said premises;

j. Failed to provide reasonably safe conditions for business invitees, guests, licensees and/or members of the general public on the premises; and,

k. Failed to provide, place, and/or otherwise utilize anti-slip mats or other material to lower the risk of a slip and fall incident for individuals upon the premises.

18. As a direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, suffered serious impairment of bodily function, and/or injuries which are or may be serious and permanent including but not limited to right knee injuries such as tearing of the lateral meniscus requiring injections, back injuries, and foot injuries, as well as other ills and injuries, the full extent of which are not yet known, some of which or all of which are severe, serious and permanent in nature, all of which have caused them and will continue to cause them great pain, and have prevented them and will continue in the future to prevent them from attending to their daily duties all to their great financial damage and loss.

19. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries they have suffered, and to incur various expenses for said treatment and services, and they may incur various reasonable and necessary future medical expenses from the injuries they sustained, including as to any subrogation liens, for which these Defendants are jointly and/or severally liable, claims for which are made herein.

20. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has suffered a loss of past earnings and the impairment of their future earning capacity, all to their ongoing detriment and loss, a claim for which is made herein.

21. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has been unable to fully attend to and/or participate in their daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future, all to their ongoing detriment and loss, a claim for which is made herein.

22. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has or may continue in the future to incur other financial expenses or losses to which they may be otherwise entitled to recover, all to their ongoing detriment and loss, a claim for which is made herein.

23. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has suffered physical pain, aches, emotional distress, humiliation, inconveniences and loss of some of life's pleasures, and they may continue to suffer the same for an indefinite time in the future, all to their ongoing detriment and loss, a claim for which is made herein.

**WHEREFORE**, Plaintiff, Gena Powell, respectfully demands judgment in her favor and against above Defendant(s), Walmart Inc., Wal-Mart Stores East, LLC, Wal-Mart Stores East, LP, and/or John Doe(s) 1-3, individually, jointly, and/or severally, for a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

**COUNT II – NEGLIGENCE**
**GENA POWELL vs. WAL-MART STORES EAST, LLC**

24. Plaintiff, Gena Powell, incorporates by reference thereto paragraphs 1 through 23 above, inclusive as though the same were set forth herein at length.

25. The negligence and carelessness of the Defendant, Wal-Mart Stores East, LLC, in the care, custody or control of the aforementioned premises, consisted of the following:

a. Carelessly and negligently allowed and permitted a dangerous, substandard, and/or hazardous condition to be or remain on said premises as aforesaid for an unreasonably long time;

b. Knew or in the exercise of reasonable care should have known of the existence of the dangerous, substandard, and/or hazardous condition then existing on the Defendant’s premises;

c. Failed to correct the dangerous, substandard, and/or hazardous condition, which Defendant knew or should have known presented a danger to individuals, including the person of Plaintiff;

d. Failed to warn business invitees including the Plaintiff of the aforesaid dangerous, substandard, and/or hazardous condition then existing on the Defendant’s premises, as aforementioned;

e. Failed to properly clean, mop, dry, and/or otherwise remediate and/or address the wet floor which presented a slipping hazard to those in the position of Plaintiff;

f. Failed to place any, or a sufficient number of, warning signs, cones or other prominently displayed markers indicating the wet floor as a slipping hazard;

g. Permitted the existence of a dangerous, substandard, and/or hazardous condition, namely the wet floor which caused Plaintiff to slip and fall;

h. Failed to periodically inspect the premises to discover dangerous, substandard, and/or hazardous conditions prior to Plaintiff's incident;

i. Failed to take reasonable precautions against the dangerous, hazardous and substandard aforementioned condition on said premises;

j. Failed to provide reasonably safe conditions for business invitees, guests, licensees and/or members of the general public on the premises; and,

k. Failed to provide, place, and/or otherwise utilize anti-slip mats or other material to lower the risk of a slip and fall incident for individuals upon the premises.

26. As a direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, suffered serious impairment of bodily function, and/or injuries which are or may be serious and permanent including but not limited to right knee injuries such as tearing of the lateral meniscus requiring injections, back injuries, and foot injuries, as well as other ills and injuries, the full extent of which are not yet known, some of which or all of which are severe, serious and permanent in nature, all of which have caused them and will continue to cause them great pain, and have prevented them and will continue in the future to prevent them from attending to their daily duties all to their great financial damage and loss.

27. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries they have suffered, and to incur various expenses for said treatment and services, and they may incur various reasonable and necessary future medical expenses from the injuries they sustained, including as to any subrogation liens, for which these Defendants are jointly and/or severally liable, claims for which are made herein.

28. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has suffered a loss of past earnings and the impairment of their future earning capacity, all to their ongoing detriment and loss, a claim for which is made herein.

29. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has been unable to fully attend to and/or participate in their daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future, all to their ongoing detriment and loss, a claim for which is made herein.

30. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has or may continue in the future to incur other financial expenses or losses to which they may be otherwise entitled to recover, all to their ongoing detriment and loss, a claim for which is made herein.

31. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has suffered physical pain, aches, emotional distress, humiliation, inconveniences and loss of some of life's pleasures, and they may continue to suffer the same for an indefinite time in the future, all to their ongoing detriment and loss, a claim for which is made herein.

**WHEREFORE**, Plaintiff, Gena Powell, respectfully demands judgment in her favor and against above Defendant(s), Walmart Inc., Wal-Mart Stores East, LLC, Wal-Mart Stores East, LP, and/or John Doe(s) 1-3, individually, jointly, and/or severally, for a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

## COUNT III – NEGLIGENCE
## GENA POWELL vs. WAL-MART STORES EAST, LP

32. Plaintiff, Gena Powell, incorporates by reference thereto paragraphs 1 through 31 above, inclusive as though the same were set forth herein at length.

33. The negligence and carelessness of the Defendant, Wal-Mart Stores East, LP, in the care, custody or control of the aforementioned premises, consisted of the following:

a. Carelessly and negligently allowed and permitted a dangerous, substandard, and/or hazardous condition to be or remain on said premises as aforesaid for an unreasonably long time;

b. Knew or in the exercise of reasonable care should have known of the existence of the dangerous, substandard, and/or hazardous condition then existing on the Defendant's premises;

c. Failed to correct the dangerous, substandard, and/or hazardous condition, which Defendant knew or should have known presented a danger to individuals, including the person of Plaintiff;

d. Failed to warn business invitees including the Plaintiff of the aforesaid dangerous, substandard, and/or hazardous condition then existing on the Defendant's premises, as aforementioned;

e. Failed to properly clean, mop, dry, and/or otherwise remediate and/or address the wet floor which presented a slipping hazard to those in the position of Plaintiff;

f. Failed to place any, or a sufficient number of, warning signs, cones or other prominently displayed markers indicating the wet floor as a slipping hazard;

g. Permitted the existence of a dangerous, substandard, and/or hazardous condition, namely the wet floor which caused Plaintiff to slip and fall;

h. Failed to periodically inspect the premises to discover dangerous, substandard, and/or hazardous conditions prior to Plaintiff's incident;

i. Failed to take reasonable precautions against the dangerous, hazardous and substandard aforementioned condition on said premises;

j. Failed to provide reasonably safe conditions for business invitees, guests, licensees and/or members of the general public on the premises; and,

k. Failed to provide, place, and/or otherwise utilize anti-slip mats or other material to lower the risk of a slip and fall incident for individuals upon the premises.

34. As a direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, suffered serious impairment of bodily function, and/or injuries which are or may be serious and permanent including but not limited to right knee injuries such as tearing of the lateral meniscus requiring injections, back injuries, and foot injuries, as well as other ills and injuries, the full extent of which are not yet known, some of which or all of which are severe, serious and permanent in nature, all of which have caused them and will continue to cause them great pain, and have prevented them and will continue in the future to prevent them from attending to their daily duties all to their great financial damage and loss.

35. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries they have suffered, and to incur various expenses for said treatment and services, and they may incur various reasonable and necessary future medical expenses from the injuries they sustained, including as to any subrogation liens, for which these Defendants are jointly and/or severally liable, claims for which are made herein.

36. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has suffered a loss of past earnings and the impairment of their future earning capacity, all to their ongoing detriment and loss, a claim for which is made herein.

37. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has been unable to fully attend to and/or participate in their daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future, all to their ongoing detriment and loss, a claim for which is made herein.

38. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has or may continue in the future to incur other financial expenses or losses to which they may be otherwise entitled to recover, all to their ongoing detriment and loss, a claim for which is made herein.

39. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has suffered physical pain, aches, emotional distress, humiliation, inconveniences and loss of some of life's pleasures, and they may continue to suffer the same for an indefinite time in the future, all to their ongoing detriment and loss, a claim for which is made herein.

**WHEREFORE**, Plaintiff, Gena Powell, respectfully demands judgment in her favor and against above Defendant(s), Walmart Inc., Wal-Mart Stores East, LLC, Wal-Mart Stores East, LP, and/or John Doe(s) 1-3, individually, jointly, and/or severally, for a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

**COUNT IV – NEGLIGENCE**
**GENA POWELL vs. JOHN DOE(S) 1-3**

40. Plaintiff, Gena Powell, incorporates by reference thereto paragraphs 1 through 39 above, inclusive as though the same were set forth herein at length.

41. The negligence and carelessness of the Defendant, John Doe(s) 1-3, in the care, custody or control of the aforementioned premises, consisted of the following:

a. Carelessly and negligently allowed and permitted a dangerous, substandard, and/or hazardous condition to be or remain on said premises as aforesaid for an unreasonably long time;

b. Knew or in the exercise of reasonable care should have known of the existence of the dangerous, substandard, and/or hazardous condition then existing on the Defendant's premises;

c. Failed to correct the dangerous, substandard, and/or hazardous condition, which Defendant knew or should have known presented a danger to individuals, including the person of Plaintiff;

d. Failed to warn business invitees including the Plaintiff of the aforesaid dangerous, substandard, and/or hazardous condition then existing on the Defendant's premises, as aforementioned;

e. Failed to properly clean, mop, dry, and/or otherwise remediate and/or address the wet floor which presented a slipping hazard to those in the position of Plaintiff;

f. Failed to place any, or a sufficient number of, warning signs, cones or other prominently displayed markers indicating the wet floor as a slipping hazard;

g. Permitted the existence of a dangerous, substandard, and/or hazardous condition, namely the wet floor which caused Plaintiff to slip and fall;

h. Failed to periodically inspect the premises to discover dangerous, substandard, and/or hazardous conditions prior to Plaintiff's incident;

i. Failed to take reasonable precautions against the dangerous, hazardous and substandard aforementioned condition on said premises;

j. Failed to provide reasonably safe conditions for business invitees, guests, licensees and/or members of the general public on the premises; and,

k. Failed to provide, place, and/or otherwise utilize anti-slip mats or other material to lower the risk of a slip and fall incident for individuals upon the premises.

42. As a direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, suffered serious impairment of bodily function, and/or injuries which are or may be serious and permanent including but not limited to right knee injuries such as tearing of the lateral meniscus requiring injections, back injuries, and foot injuries, as well as other ills and injuries, the full extent of which are not yet known, some of which or all of which are severe, serious and permanent in nature, all of which have caused them and will continue to cause them great pain, and have prevented them and will continue in the future to prevent them from attending to their daily duties all to their great financial damage and loss.

43. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries they have suffered, and to incur various expenses for said treatment and services, and they may incur various reasonable and necessary future medical expenses from the injuries they sustained, including as to any subrogation liens, for which these Defendants are jointly and/or severally liable, claims for which are made herein.

44. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has suffered a loss of past earnings and the impairment of their future earning capacity, all to their ongoing detriment and loss, a claim for which is made herein.

45. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has been unable to fully attend to and/or participate in their daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future, all to their ongoing detriment and loss, a claim for which is made herein.

46. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has or may continue in the future to incur other financial expenses or losses to which they may be otherwise entitled to recover, all to their ongoing detriment and loss, a claim for which is made herein.

47. As a further direct and proximate result of the joint and/or several negligence of Defendants, Plaintiff, Gena Powell, has suffered physical pain, aches, emotional distress, humiliation, inconveniences and loss of some of life’s pleasures, and they may continue to suffer the same for an indefinite time in the future, all to their ongoing detriment and loss, a claim for which is made herein.

**WHEREFORE**, Plaintiff, Gena Powell, respectfully demands judgment in her favor and against above Defendant(s), Walmart Inc., Wal-Mart Stores East, LLC, Wal-Mart Stores East, LP, and/or John Doe(s) 1-3, individually, jointly, and/or severally, for a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and damages for delay.

**ZAFRAN LAW GROUP**

BY: /s/ *Jared S. Zafran*
JARED S. ZAFRAN, ESQUIRE
*Attorney for Plaintiff*

**VERIFICATION**

I, Gena Powell, state that I am the Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

Gena Powell

Date: 2025-11-20

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
AY3XC-OSPN3-CHT23-WYQWA

DOCUMENT COMPLETED BY ALL PARTIES ON
20 NOV 2025 13:32:20 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **GENA POWELL**<br>EMAIL<br>GENALP78@GMAIL.COM | SENT<br>20 NOV 2025 12:09:11<br>VIEWED<br>20 NOV 2025 13:25:17<br>SIGNED<br>20 NOV 2025 13:32:20 | <br>IP ADDRESS<br>174.175.31.161<br>LOCATION<br>WILKES-BARRE, UNITED STATES |

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
20 NOV 2025 13:25:17



Case ID: 251103174